BEFORE THE FIRST DIVISION, APRIL 29, 1940

No. 43600.—Protest 950782–G of General Aniline Works, Inc. (New York).

BROWN, Judge: This suit against the United States was brought at New York, and there tried, to recover certain customs duties claimed to have been illegally exacted upon a certain importation of a chemical substance designated on the invoice and entry as sodium salt of polyacrylic acid.

The merchandise was classified and assessed with duty at the rate of 6 cents per pound and 30 per centum ad valorem under paragraph 2, Tariff Act of 1930, reading as follows:

PAR. 2. Acetaldehyde, aldol or acetaldol, aldehyde ammonia, butyraldehyde, crotonaldehyde, paracetaldehyde; ethylene chlorohydrin, propylene chlorohydrin,

butylene chlorohydrin; ethylene dichloride, propylene dichloride, butylene dichloride; ethylene oxide, propylene oxide, butylene oxide; ethylene glycol, propylene glycol, butylene glycol, and all other glycols or dihydric alcohols; monoethanolamine, diethanolamine, triethanolamine, ethylene diamine, and all other hydroxy alkyl amines and alkylene diamines; allyl alcohol, crotonyl alcohol, vinyl alcohol, and all other olefin or unsaturated alcohols; homologues and polymers of all the foregoing; ethers, esters, salts and nitrogenous compounds of any of the foregoing, whether polymerized or unpolymerized; and mixtures in chief value of any one or more of the foregoing; all the foregoing not specially provided for, 6 cents per pound and 30 per centum ad valorem.

The importer claims that sodium salt of polyacrylic acid—

is none of the products provided for under Paragraph 2, Tariff Act of 1930. We claim that this merchandise is properly classifiable and dutiable under the provisions of Paragraph 5, Tariff Act of 1930; viz.—

All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem

At the trial of the case at New York, on March 8, 1939, it was established by the uncontradicted testimony of three chemists of long experience, called in behalf of the plaintiff, after having analyzed samples of the involved merchandise, Exhibit 1, that the merchandise here involved was sodium salt of polyacrylic acid; that it was an organic chemical compound and also a chemical salt; and that it was not one of the products mentioned in paragraph 2, Tariff Act of 1930, nor was it the mixture of any number of the products mentioned in said paragraph 2.

On the foregoing testimony we hereby find that the sodium salt of polyacrylic acid here involved is not one of the products mentioned in paragraph 2, Tariff Act of 1930, nor a mixture of any number of said products, and, therefore, not classifiable nor dutiable under paragraph 2, Tariff Act of 1930. This would ordinarily result in sustaining the claim of the plaintiff for classification under paragraph 5 as a chemical compound or chemical salt were it not that at the trial the Government raised an entirely new issue, namely, that the involved merchandise was more properly classifiable and dutiable under the provision in paragraph 11 reading:

*   *   *   synthetic gums and resins not specially provided for, 4 cents per pound and 30 per centum ad valorem;   *   *   *.

rather than as claimed by the plaintiff under paragraph 5 reading as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

To maintain this new issue the Government called in its behalf as a witness Joseph V. Sample, who testified that he was customs chemist; that he held a degree of Bachelor of Science in Chemical Engineering from New York University in 1921; that from 1921 to 1923 he served as chemist for the Kenyon Tire & Rubber Corporation, and from 1923 to 1926 as chemist for Barber Asphalt Co.; and that from that time to the present he had been with the Government as customs chemist. The witness further testified that he had analyzed Exhibit 2, previously received in evidence as a sample of the merchandise in question.

The witness was then further questioned by defendant's counsel as follows:

By Mr. O'DONNELL:

Q. Mr. Sample, would you mind describing the steps of your analysis of Exhibit 2?—A. I found the sample to be a sticky and viscous, gummy liquid, which on evaporation to dryness to remove the water, contained 31 per cent of solid matter, solid dry matter. That resin, from its characteristics and familiarity with past

analyses, was a sodium salt of polyacrylic acid. I verified the fact that it was a polymerized polyacrylic acid—sodium salt. I distilled it, formed the polymer, repolymerized it, and, from its thermoplastic characteristics, I recognized it as a sodium salt of polyacrylic acid.

Q. Did I understand you to say that a sodium salt of polyacrylic acid was a synthetic gum or resin?—A. In my opinion this is a solution of polymerized—I believe the sample to be some solution of sodium salt of polyacrylic acid, made by neutralizing an aqueous solution of polyacrylic acid.

\*  \*  \*  \*  \*  \*  \*

Q. Is it a synthetic gum?—A. Polyacrylic acid can be made to form a variety of products, varying in softness and hardness, and this particular degree of polymerization has resulted in a soft, synthetic gum or resin. A definition of the difference between a gum and resin is very difficult to draw, but it has got properties of gum and properties of resin.

Q. Do I understand it to be your opinion that the dividing line between a gum and resin has to do merely with the consistency of the product?—A. I can't answer that; it is a very fine distinction. Some resins have gummy properties. You usually associate elasticity with gums and stickiness with resins. There is no hard and fast line I know of. (R. pp. 24, 25, 26.)

Considerable further direct and cross-examination failed to alter the testimony of the witness that in his opinion gums and resins were, to a chemist, synonymous terms, and that synthetic gums and resins were identical.

The material part of his testimony was that in his opinion the substance here in question was a synthetic gum or resin.

C. A. Klebsattel was recalled as a rebuttal witness on behalf of the plaintiff and testified that, having tested Exhibit 1, it was his opinion that it was not a synthetic gum and was not a synthetic resin.

Inasmuch as all four chemists who testified, the Government witness as well as the plaintiff's three witnesses, testified that in their opinions the sodium salt of polyacrylic acid here in question was not mentioned in paragraph 2, and three of them without contradiction testified that it was not a mixture of any of the products listed in paragraph 2, the only issue before us is whether it is more properly dutiable under paragraph 11, as the Government now claims, or under paragraph 5 as the plaintiff has claimed from the beginning. The determination of this lies in the answer to the question, Is the substance here in question a synthetic gum or resin? As there is no presumption in favor of this new claim of the Government that the involved merchandise is dutiable under paragraph 11 the claim must be established by the weight of positive evidence that the sodium salt of polyacrylic acid is a synthetic gum or resin. This weight of evidence the Government has failed to produce. For, when we have analyzed the relevant testimony on the sole issue before us, all we have is the positive opinion by the Government witness Sample that the involved merchandise is a synthetic gum or resin, he can't tell which, and, on the part of the rebuttal witness for the plaintiff, C. A. Klebsattel, that it is neither a synthetic gum nor a synthetic resin.

Therefore we hereby overrule the Government contention that the involved merchandise should be classified under paragraph 11, Tariff Act of 1930, as a synthetic gum or resin.

The three experienced chemists, witnesses in behalf of the plaintiff, all testified that the involved merchandise was sodium salt of polyacrylic acid and was both a chemical compound and a chemical salt, both provided for under paragraph 5, Tariff Act of 1930, as claimed by the plaintiff, and as the defendant has failed to maintain the burden of proof which it assumed in abandoning the presumptively correct classification under paragraph 2 and raising the new contention that the merchandise was classifiable under paragraph 11, we must inevitably, as we hereby do, sustain the claim in the protest for classification as a chemical com-

pound and salt under paragraph 5, Tariff Act of 1930, of the merchandise covered by the protest, at the rate of 25 per centum ad valorem.

Judgment will issue accordingly.